UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

THADDEUS VONDERRICK BICKHAM,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Case No. 1:06-CV-240
(Criminal Case No. 1:02-CR-263)

HON. GORDON J. QUIST

**MEMORANDUM ORDER DENYING
REQUEST FOR A CERTIFICATE OF APPEALABILITY**

This Court has before it Thaddeus Vonderrick Bickham's ("Petitioner") Request for a Certificate of Appealability (docket no. 24). For the following reasons, the request will be denied.

On September 4, 2007, this Court entered an Order dismissing Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. Petitioner had alleged in his motion that his trial attorney provided ineffective assistance of counsel for three reasons: (1) his counsel failed to file a motion to suppress based on the invalidity of the search warrant; (2) his attorney failed to timely negotiate a guilty plea; and (3) his attorney encouraged him to admit that he possessed a gun as charged in 18 U.S.C. § 924(c). The Court will not repeat its reasons for dismissing the claims here, as the reasoning is set out in the September 4, 2007, Order. However, in assessing the claims for ineffective assistance of counsel , the Court relied on the standard set forth in *Kimmelman v. Morrison*, 477 U.S. 365, 106 S. Ct. 2574 (1986):

> In order to prevail, the defendant must show both that counsel's representation <u>fell below an objective standard of reasonableness</u>, *Strickland*, 466 U.S., at 688, 104 S.Ct., at 2064, and that <u>there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different</u>. *Id*., at 694, 104 S.Ct., at 2068.

\* \* \* \*

> As is obvious, *Strickland's* standard, although by no means insurmountable, is highly demanding. More importantly, it differs significantly from the elements of proof applicable to a straightforward Fourth Amendment claim. Although a meritorious Fourth Amendment issue is necessary to the success of a Sixth Amendment claim like respondent's, <u>a good Fourth Amendment claim alone will not earn a prisoner federal habeas relief. Only those habeas petitioners who can prove under *Strickland* that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ and will be entitled to retrial without the challenged evidence</u>.

*Kimmelman,* 477 U.S. at 375, 382; 106 S. Ct. at 2582-83, 2586-87 (emphasis added).

As set out in the Order, the motion to suppress did not have merit, but even if it did, Petitioner failed to prove that he was "denied a fair trial by the gross incompetence" of his attorney.

In its September 4, 2007, Order, the Court also denied a certificate of appealability as to each issue raised by Petitioner because he failed to make a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As explained in the Order, under *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000), to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." In denying the certificate, the Court found that reasonable jurists could not find that dismissal of Petitioner's claims was debatable or wrong.

Having reviewed Petitioner's request for a certificate, his brief in support of the request, and this Court's September 4, 2007, Order and Opinion, this Court concludes that its prior Order was correct, and again denies Petitioner's request for a certificate of appealability.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Petitioner's **request for a certificate of appealability** (docket no. 24) is **DENIED**.

Dated:  October 19, 2007             /s/ Gordon J. Quist
                                             GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE